**IN THE COURT OF APPEALS OF IOWA**
No. 23-1512
Filed January 10, 2024

**IN THE INTEREST OF S.Y., T.Y., A.Y., T.L., and A.L.,**
**Minor Children,**

**H.G., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Dubuque County, Thomas J. Straka, Associate Juvenile Judge.

A mother appeals the termination of her parental rights to five children. **AFFIRMED.**

Bridget L. Goldbeck of Hughes & Trannel, P.C., Dubuque, for appellant mother.

Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney General, for appellee State.

MaryBeth Fleming, Dubuque, attorney and guardian ad litem for minor children.

Patricia Reisen-Ottavi, Dubuque, attorney for minor child A.L.

Considered by Schumacher, P.J., Buller, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**BLANE, Senior Judge.**

A mother appeals the termination of her parental rights to five children, ages three, four, six, nine, and twelve.[1]  She contends it was not in the children's best interests to terminate her rights, and she should have been given another six months to work toward reunification.  We disagree with her contentions and affirm termination.

## I.  Facts and Prior Proceedings

This family first came to the attention of the Iowa Department of Health and Human Services in 2014.  Since then, they have been the subjects of nineteen child abuse assessments and have had three open cases with the department.  Five child abuse assessments were founded with the parents named as perpetrators.  The assessments involved issues of physical abuse, drug use, domestic violence, and unsafe conditions in the home.

The department opened the latest case in March 2022, when the parents' youngest child, a three-month-old infant, died in their care.[2]  The children were removed and placed with relatives and other suitable placements, where they remain with no moves to return them home.  Since removal, the mother has been offered services to address the safety concerns.  She was also ordered to do drug testing, substance-abuse treatment, and mental-health treatment.

---

[1] There are three fathers involved in this family, none of whom participate in this appeal.

[2] As a result of the death, investigators searched the family residence and found "extreme clutter, trash, animal feces, loose marijuana accessible to the children, packaging material, scales, drug paraphernalia and cannabis-infused edibles," and that it was unsafe for the children.

After seventeen months out of the home, the juvenile court held a termination hearing and terminated the mother's parental rights to the older children under Iowa Code section 232.116(1)(f) (2023), and the youngest child under section 232.116(1)(h). The mother appeals.

## II. Scope and Standard of Review

We review termination proceedings de novo. *In re L.B.*, 970 N.W.2d 311, 313 (Iowa 2022). We give weight to the juvenile court's fact findings, but they do not bind us. *Id.* Our top concern is the children's best interests. *Id.*

## III. Analysis

The mother makes two arguments on appeal: (1) the court should have delayed permanency for another six months and (2) it was not in the children's best interests to terminate her rights.

We start with her request to delay permanency. A court may deny termination and give a parent more time to work on reunification only if the need for removal "will no longer exist at the end of the additional six-month period." Iowa Code § 232.104(2)(b). The record must show that the parent will surmount the obstacles to reunification in six months and, in addition, we must consider whether the delay is in the children's best interests. *See In re W.T.*, 967 N.W.2d 315, 323 (Iowa 2021).

The mother's progress in the safety concerns for the children was late in the case, ramping up only in the months before termination. That progress was limited. Although she was required to do drug testing eighteen times during the life of this case, she attended only three tests. One in May 2023 was negative but two, dated December 2022 and April 2023, were positive for marijuana. After the

negative test in May, she missed five more tests. She did not complete any substance-abuse treatment. She also did not participate regularly in mental-health treatment, obtaining an evaluation only in March 2023. Although she reported she was attending therapy, she refused to sign a release to allow the department to determine whether she was actively engaging. One of her mental-health evaluations noted a diagnosis of depression, exacerbated by her marijuana use. At the same time, she obtained a prescription for a cannabidiol medication from her neurologist to treat her epilepsy. Because she has refused to sign releases, it is not clear that her neurologist knew her depression could be worsened by her marijuana use. And although she has broken up with the youngest children's father, with whom she has a history of domestic violence, her new boyfriend is a registered sex offender and also has a history of substance abuse, child endangerment, and domestic violence, including a recent felony domestic abuse assault conviction. Finally, while the mother has a current residence, it is not adequately furnished as there are no beds for the children, and she is not currently working and lacks the means to support the children.

Like the juvenile court, we find six more months will not help the mother achieve what she has failed to do since involvement with the department started in 2014. *See In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000). She has not taken the necessary steps to be a successful parent, and we have no reason to believe that will be achieved in six months. We also find a delay is not in the best interests of her children.

When assessing the children's best interests, we first consider their safety, and then look to the best placement for furthering their long-term nurturing and

growth, and their physical, mental, and emotional condition and needs. *See* Iowa Code § 232.116(2); *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). The children have been out of the mother's care for seventeen months and have been safe in their placements. But the same issues that brought the family to the department's attention since 2014 remain and endanger the children today. Given those unaddressed substance-abuse and mental-health concerns and the mother's poor judgment in her current relationship, the children's best interests require termination of her parental rights and permanent placement in homes that can meet their long-term needs.

**AFFIRMED.**